ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 1 1 2005

ECF

STERLING, WINCHESTER & LONG, L.L.C., :
:
Plaintiff, :
: CIVIL ACTION
vs. :
: No. 05-297C
UNITED STATES OF AMERICA, :
:
Defendant. :

## COMPLAINT

Plaintiff, Sterling, Winchester & Long, L.L.C. ("SW&L"), brings this action for damages against the United States of America, acting through the United States Postal Service ("USPS"), and respectfully alleges as follows:

1. Plaintiff, Sterling, Winchester & Long, L.L.C. ("SW&L"), is a Georgia limited liability company with its principal place of business at 753 Broad Street, Suite 404, Augusta, Georgia 30901.

2. USPS entered into a contract with SW&L under which USPS, *inter alia*, agreed to (a) license certain stamp design and other intellectual property to SW&L; (b) permit SW&L to manufacture calendars using those designs; and (c) permit SW&L to distribute the licensed calendars through certain of USPS' marketing channels in exchange for royalty payments made by SW&L to USPS.

3. USPS breached the contract by prohibiting SW&L from distributing the calendars through USPS' channels of distribution listed in the contract.

4.     The Court has jurisdiction of this action pursuant to the Contract Disputes Act, 41 U.S.C. § 609(a).

5.     All conditions precedent to this action have been performed or have occurred or have been waived.

6.     On January 31, 2001, USPS executed USPS Contract No. 102592-01-U-1173 ("the Contract"). SW&L had signed the Contract earlier on January 4, 2001. The Contract has an initial term from July 1, 2001, through December 31, 2004, and one renewal option of an additional three years.

7.     USPS employed an agent, Equity Management, Inc. ("EMI"), to assist USPS to develop the terms of the Contract and to negotiate the Contract with SW&L.

8.     The Contract identifies SW&L as the Licensee. The Contract provides, *inter alia*, that "USPS grants to Licensee a license to use certain names, trademarks, service marks, trade dress and/or copyrights in connection with the manufacture, distribution, advertising, promotion and sale of certain goods . . . ," subject to additional terms in the Contract.

9.     The Contract authorizes SW&L to manufacture and sell "Licensed Articles," identified as follows: "An annual series of up to five (5) thematic U.S. Postal Service 12-month calendars, commencing with calendar year 2002."

10.    The Contract authorizes SW&L to distribute Licensed Articles through "Channels of Distribution," including the following: "Wholesale to bookstores, specialty stores, Philatelic catalogs, Philatelic centers and merchandise stores; Retail via Licensee's website," subject to other conditions in the Contract.

11. USPS and/or USPS' agent, EMI, knew or had reason to know at the time USPS executed the Contract that the terms "Philatelic catalogs" and "Philatelic centers and merchandise stores" referred to USPS Philatelic catalogs, centers, and merchandise stores.

12. The Contract requires SW&L to pay USPS a minimum royalty of $50,000.00 per year for the term of the Contract, regardless of the amount of sales of Licensed Articles.

13. USPS' authorization for SW&L to distribute Licensed Articles through USPS' Philatelic catalogs, centers, and merchandise stores was an essential term in SW&L's agreement to the Contract.

14. The communications between SW&L, USPS, and USPS' agent, EMI, leading up to the contract award in January 2001 show that the parties contemplated a marketing strategy that depended upon associating the product with USPS by making it available through the USPS channels of distribution authorized by the Contract.

15. On October 7, 1999, J.G. Long, Chief Managing Officer for SW&L, hand-carried an unsolicited proposal to the USPS Headquarters offices in Washington, D.C., and presented it to Peter Steel, then-Manager of the Unsolicited Proposal Section, and Kaye DeShields, Manager of Retail Products. On the first page, the proposal states that its purpose is: "To develop an Official U.S. Postal Services Calendar collection and Accessories for commercial sale through the U.S. Postal Service (USPS) Departments, Post Offices, account representatives and through the USPS Official merchandise web site." The proposal also described research based on foot traffic through USPS post

offices.

16. In response to SW&L's proposal, USPS directed SW&L to contact its agent, EMI.

17. On May 19, 2000, SW&L submitted to EMI a completed USPS Trademark License Application form and attached a summary of SW&L's proposal. On the first page of the application, SW&L stated that estimated sales were in part to be through "USPS Philatelic catalog and merchandise stores." The Advertising section of the proposal stated, "Advertising and promotion of the Official USPS Calendar will primarily be done through wholesale buyers, point of sales in USPS merchandise stores and web site promotion. . . . The product's uniqueness with an official seal of authentication, collectable value and distribution to 28,000 US Post Offices and USPS merchandise shops across the country will provide sufficient advertising and promotion to meet sales objectives."

18. EMI confirmed that the Contract authorized distribution through USPS Philatelic channels in an email to SW&L, dated September 17, 2001, which stated: "As we'd talked before, the USPS/philatelic channels were added to your agreement . . . ."

19. On March 2, 2001, in a telephone conversation with Mr. Long and Sanford Loyd of Sanford Loyd, CPA, PC, the contracting officer at the time, H. Diane Fagan, asserted that the Contract terms that permitted SW&L to distribute through USPS channels were a mistake and that the reference to those channels "should never have been in the agreement." In the same conversation, Ms. Fagan refused SW&L's request to place calendars in any USPS channel of distribution and stated to Plaintiff: "There is no

channels. You can't get in it, period."

20. No item of correspondence or other communication indicates that any individual involved in the negotiations leading up to the Contract understood the terms "Philatelic catalogs, Philatelic centers and merchandise stores" to refer to anything but USPS Philatelic catalogs, centers and merchandise stores.

21. On or about July 28, 2004, SW&L submitted a claim to USPS asserting SW&L's right to damages for USPS' failure to permit SW&L to distribute and display its licensed calendars in USPS Philatelic catalogs, centers, and merchandise stores. On September 29, 2004, USPS notified SW&L that a decision on its claim would be issued by November 1, 2004. USPS denied SW&L's claim in a letter to SW&L dated October 29, 2004.

22. Through the date this Complaint was filed, USPS has continued to refuse to permit SW&L to distribute licensed calendars through any USPS channel of distribution.

23. USPS' failure to permit SW&L to distribute and display its licensed calendars in USPS Philatelic catalogs, centers, and merchandise stores has caused and continues to cause economic harm to SW&L.

24. USPS breached the Contract by refusing to permit SW&L to distribute its licensed USPS calendars through USPS Philatelic catalogs, centers, and merchandise stores, resulting in damages to SW&L.

25. USPS breached the Contract by failing to disclose its superior knowledge that SW&L would not be permitted to attempt to distribute its licensed USPS calendars

through USPS Philatelic catalogs, centers, and merchandise stores, resulting in damages to SW&L.

WHEREFORE, SW&L respectfully prays for the following relief:

(a) that judgment be entered in favor of SW&L and against Defendant for damages in the principal sum of $12,735,445.00, plus interest as provided under 41 U.S.C. § 611;

(b) that the costs of this action be taxed to the Defendant; and

(c) that the Court grant to SW&L such other and further relief as the Court deems just and proper.

This 3rd day of March, 2005.

Respectfully submitted,

**VAUGHN, WRIGHT & STEARNS LLP**

By: _____
Frederick L. Wright

One Paces West - Suite 1740
2727 Paces Ferry Road, N.W.
Atlanta, Georgia  30339
(770) 805-9889
(770) 805-9191  Fax

ATTORNEYS FOR PLAINTIFF,
STERLING, WINCHESTER & LONG, L.L.C.